# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOAN, et al., | 1:13-cv-00531-LJO-SMS |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE** (Docs. 10, 11) |
| v. | |
| NIRMAL SINGH, et. al., | |
| Defendants. | |

## PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the

1  nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to

2  reassignment to a U.S. District Judge from outside the Eastern District of California.

3  **INTRODUCTION**

4  Plaintiffs Kevin and Pauline Doan ("plaintiffs") allege seventeen claims against defendants[1]

5  which arise out of plaintiffs' investment in ARCO AM PM ("AM PM") gas station convenience stores.

6  Pending before the Court are defendants' motions to dismiss for failure to state a claim, pursuant to

7  FED. R. CIV. P. 12(b)(6).  Also, before the Court are defendants' motions to strike portions of the

8  complaint, pursuant to FED. R. CIV. P. 12(f).  Plaintiffs oppose defendants' motions.  For the reasons

9  discussed below, this Court GRANTS defendants' motions in part and DENIES them in part.

10  **BACKGROUND**

11  **I. Facts**[2]

12  Plaintiffs set forth a litany of factual allegations that are confusing and disorganized at best.

13  Nonetheless, the Court gleans the following from their complaint.  Mr. Singh is an AM PM franchisee

14  and developer who sought investors to partner with him to purchase and develop AM PMs.  Mr. Singh

15  purchased and developed AM PMs through his companies Chandi & Sons, Chandi Brothers, and

16  Watsonville, Inc.  The Doan's purchased half of the shares and ownership in Chandi & Sons and

17  Chandi Brothers and a 35% ownership in Watsonville, Inc.  At the time the parties entered into the

18  agreement, Chandi & Sons and Chandi Brothers owned two AM PMs; one located on Hatch Road in

19  Ceres, California ("Hatch AM PM") and one located on Mitchell Road ("Mitchell AM PM").

20  Watsonville, Inc. owned an AM PM under construction in Watsonville, California ("Watsonville AM

21  PM").

22  Plaintiffs allege that Mr. Singh breached their agreement by failing to pay profits owed to them;

23  sold portions of the companies without their knowledge; and engaged in a conspiracy with AASRA,

---

[1] Defendants are Nirmal Singh ("Mr. Singh"), Nachhattar and Susana Chandi ("the Chandi's"), KS Chandi & Sons, Inc. ("Chandi & Sons"), Chandi Brothers, LLC ("Chandi Brothers"), Watsonville Petroleum, Inc. ("Watsonville, Inc."), Chadha Construction, Paul Raj Chadha ("Mr. Chadha"), AASRA Petroleum, Inc. ("AASRA"), JPH, LLC ("JPH"), Gurdev Singh Teer ("Gurdev"), Ranjeet Singh ("Ranjeet"), Prabhjot Singh ("Prabhjot"), Jaswinder Kaur ("Ms. Kaur"), and Does 1 through 100.  Because some of the defendants have the same last name, this Court will refer to some of them by their first names in order to avoid confusion.  No disrespect is intended.

[2] The background facts are derived from plaintiffs' complaint.  The Court accepts the factual allegations in the complaint as true for purposes of this motion.  *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

JPL, Gurdev, and Ranjeet to funnel money from the companies to fund construction of an AM PM in Ripon.  Plaintiffs further allege that Mr. Singh engaged in bank fraud by forging documents in order to obtain higher lines of credit.

In addition, plaintiffs allege that Mr. Singh misrepresented the extent of his ownership in the companies.  Mr. Singh represented that he owned 100% of Chandi & Sons and forged the Articles of Incorporation to reflect this representation.  However, a promissory note provides that Jagjeevan Dhaliwal ("Mr. Dhaliwal") and Mohinder Gill ("Mr. Gill") own 50% of the company.  Additionally, a tax return for Chandi Brothers provides that Mr. Singh and the Chandi's own Chandi Brothers.

With regard to the Watsonville AM PM, Mr. Chadha and Chadha Construction were hired to construct the store.  Plaintiffs allege that Mr. Singh used Chadha Construction as an alter ego, inflated construction invoices, approved them for payment, and then used the money for his own personal benefit.  Plaintiffs further allege that Mr. Singh breached their agreement by failing to timely complete the construction of the Watsonville store, by not making the required payments on the loans for the store, and by allowing the store to go into foreclosure.

**II. Procedural History**

On April 13, 2013, plaintiffs filed a complaint with this Court.  They allege the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) money had and received; (5) conversion of funds; (6) fraud; (7) negligent misrepresentation; (8) concealment; (9) false promise; (10) Cal. Corp. Code § 25110; (11) failure to issue share certificates; (12) California securities fraud; (13) involuntary dissolution; (14) enforcement of the right to inspect books and records; (15) California securities penalties; (16) conspiracy; and (17) RICO violations.

Defendants Mr. Singh, Chandi & Sons, Chandi Brothers, Watsonville Inc., Chadha Construction, Mr. Chadha,  AASRA, JPH, Gurdev, Ranjeet, Prabhjot, and Ms. Kaur (collectively "defendants") move to dismiss claims (1) and (2), claims (4) through (12), and claims (15) through (17) for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6).  They also move to strike various portions of the complaint, pursuant to FED. R. CIV. P. 12(f).  The Chandi's move to dismiss claim (3), claims (10) through (12), and claims (15) through (17) for failure to state a claim, pursuant to FED. R.

3

1  CIV. P. 12(b)(6).  They also move to strike various portions of the complaint, pursuant to FED. R. CIV.

2  P. 12(f).  Plaintiffs oppose defendants' and the Chandi's motions.

3        The Court found the motions suitable for a decision without oral argument, pursuant to Local

4  Rule 230(g), and vacated the June 18, 2013, hearing date.  Having considered the arguments presented

5  and the relevant law, this Court issues this order.

**DISCUSSION**

7  **I. Motions to Dismiss**

8  **A. Legal Standard**

9        A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of

10  the allegations set forth in the complaint.  A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is

11  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

12  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In

13  considering a motion to dismiss for failure to state a claim, the court generally accepts as true the

14  allegations in the complaint, construes the pleading in the light most favorable to the party opposing

15  the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d

16  580, 588 (9th Cir. 2008).

17        To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts

18  to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

20  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

21  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability

22  requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

23  (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with'

24  a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to

25  relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

26        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

27  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

28  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare

assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not

entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions,

unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of

factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation

omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most

favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student

Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must

contain either direct or inferential allegations respecting all the material elements necessary to sustain

recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v.

Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  To the extent that the pleadings can be cured

by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss

and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations

omitted).

**B. Claim One: Breach of Contract**

Defendants contend that plaintiffs fail to state a breach of contract claim against Mr. Chadha

and Chadha Construction because they fail to allege that they are parties to the construction contract

between Watsonville, Inc. and Mr. Chadha and Chadha Construction.  In plaintiffs' opposition, they

agree that they are not a party to the construction contract but argue that they are proceeding as third

party beneficiaries.

To state a claim for breach of contract, a plaintiff must plead the following elements: (1) the

existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by

the defendant; and (4) damages.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 446 F.

Supp. 2d 1108, 1114 (N.D. Cal. 2006).  "The California Civil Code provides for the enforcement of a

contract by a third party who expressly benefits from the contract." *Embury v. King*, 191 F. Supp. 2d

1071, 1086 (N.D. Cal. 2001).  The Code provides: "A contract, made expressly for the benefit of a

third person, may be enforced by him at any time before the parties thereto rescind it."  Cal. Civ. Code

§ 1559.  Though a party need not be named in the contract itself to qualify as a third party beneficiary,

5

the contract must reveal a clear intention of the parties to secure the benefit of its provisions to the third party personally.  *Sessions Payroll Mgmt. v. Noble Constr. Co.*, 84 Cal. App. 4th 671, 680 (2000).  "[I]t is well settled that Civil Code Section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it."  *California Emergency Physicians Med. Group v. PacifiCare of California*, 111 Cal. App. 4th 1127, 1137 (2003).

Plaintiffs allege that "Watsonville Inc. entered into a valid contract with Defendant [Mr. Chadha] and Chadha Construction for the construction of the Watsonville AM PM."  (Doc. 1, p. 15 ¶ 54).  Plaintiffs further allege that Mr. Chadha and Chadha Construction breached the agreement by failing to timely complete the construction of the Watsonville AM PM.  (Doc. 1, p. 16 ¶ 59).  Plaintiffs fail to allege that they were third party beneficiaries to the contract or that the parties intended for plaintiffs to benefit from the contract.

Accordingly, defendants' motion to dismiss plaintiffs' first claim for relief against Mr. Chadha and Chadha Construction is GRANTED with leave to amend.

**C. Claim Two: Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendants argue that plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing because they fail to describe how the conduct that allegedly breached the contract prevented plaintiffs from performing under the contract.  Defendants further argue that Mr. Chadha and Chadha Construction should be dismissed from the claim because plaintiffs fail to allege that Mr. Chadha and Chadha Construction entered into a contract with them.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (internal quotation marks omitted).  "A typical formulation of the burden imposed by the implied covenant of good faith and fair dealing is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (2d Dist. 2005) (internal quotation marks omitted).  Thus, plaintiff must allege "that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting."  *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (*citing Carma Developers, Inc. v. Marthon Dev. California, Inc.*, 2 Cal.

4th 342, 372-73 (1992)).

Plaintiffs state a plausible claim for breach of the implied covenant of good faith and fair dealing against Mr. Singh.  Plaintiffs allege that they entered into a written contract with Mr. Singh for improvements to the Hatch AM PM (Doc. 1-7) and for construction of the Watsonville AM PM (Doc. 1-6).  They further allege that they performed as required under the contract.  In addition, plaintiffs allege that Mr. Singh deprived them of their profits, a benefit conferred by the contract, by misappropriating funds meant for the Hatch AM PM and by entering into contracts encumbering the Hatch AM PM in order to build the Ripon AM PM.  With regard to the Watsonville AM PM, plaintiffs allege that Mr. Singh deprived them of the return on their investment, a benefit conferred by the contract, by: (1) refusing to complete construction; (2) misappropriating funds to construct the Ripon AM PM; (3) conspiring to overcharge construction costs; and (4) by not making the required loan payments which resulted in foreclosure.  Plaintiffs further allege that they sustained damages as a result of this conduct.  Accordingly, plaintiffs have stated a plausible claim for breach of the implied covenant of good faith and fair dealing against Mr. Singh.

Therefore, defendants' motion to dismiss plaintiffs' second claim for relief against Mr. Singh is DENIED.

Plaintiffs fail to state a claim against Mr. Chadha and Chadha Construction because a claim for breach of the implied covenant of good faith and fair dealing requires that a contract exists between the parties.  *See Boland, Inc.*, 685 F. Supp. 2d at 1101.  As discussed above, *see* Section I.B, *supra*, plaintiffs fail to allege that they entered into a contract with Mr. Chadha and Chadha Construction or that they were third party beneficiaries to the contract entered into by Watsonville, Inc.

Thus, defendants' motion to dismiss plaintiffs' second claim for relief against Mr. Chadha and Chadha Construction is GRANTED with leave to amend.

**D. Claim Three: Breach of Fiduciary Duty**

The Chandi's contend that plaintiffs' breach of fiduciary duty claim should be dismissed against them because plaintiffs fail to allege a fiduciary duty between the Chandi's and plaintiffs or a breach of that duty.

"To state a claim for breach of fiduciary duty, a complaint must allege the existence of a

fiduciary duty, its breach, and damages resulting therefrom." *Neilson v. Union Bank of California*, N.A., 290 F. Supp. 2d 1101, 1137 (C.D. Cal. 2003).  Conversely, a cause of action for aiding and abetting a breach of fiduciary duty "does not require that the aider and abettor owe plaintiff a duty so long as it knows the primary wrongdoer's conduct constitutes a breach of duty and it substantially assists that breach of duty." *Id*. at 1127.

The heading of plaintiffs' third claim for relief alleges a breach of fiduciary duty claim against Mr. Singh and the Chandi's.  The only allegation in the body of the claim that pertains to the Chandi's is that they were officers of Chandi & Sons and Chandi Brothers and "had direct or indirect control over and/or assisted [Mr. Singh] by aiding and abetting in defrauding Plaintiffs." (Doc. 1, ¶ 73). Plaintiffs fail to state a breach of fiduciary duty claim against the Chandi's because they fail to allege that the Chandi's owed them a fiduciary duty, that the Chandi's breached that duty, and that plaintiffs suffered damages as a result. *Neilson*, 290 F. Supp. 2d at 1137.  To the extent plaintiffs attempt to state a cause of action for aiding and abetting a breach of fiduciary duty, plaintiffs have failed at that task as well.  Plaintiffs allege that the Chandi's aided and abetted Mr. Singh in "defrauding" plaintiffs; they do not allege that the Chandi's aided and abetted Mr. Singh in breaching a fiduciary duty.  In addition, plaintiffs fail to allege that the Chandi's knew that Mr. Singh's alleged conduct constituted a breach of duty or that they substantially assisted that breach.  *Id*. at 1127.

The Chandi's motion to dismiss plaintiffs' third claim for relief against them is GRANTED with leave to amend.

**E. Claim Four: Money Had and Received**

Defendants assert that plaintiffs' fourth claim, for money had and received, should be dismissed because the claim does not comply with FED. R. CIV. P. 8(a)'s pleading requirements, *i.e.*, the claim does not offer a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Specifically, defendants argue that plaintiffs fail to allege that Mr. Chadha, Chadha Construction, Gurdev, or Ranjeet received money from them.  Additionally, defendants point out that plaintiffs allege that they are entitled to $1,940,000 but there are no allegations to support this number.

"A cause of action for money had and received is stated if it is alleged the defendant is indebted

to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997).  More specifically, plaintiffs must allege "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment."  *Id*.

In plaintiffs' fourth claim for relief they incorporate by reference each of the allegations set forth in paragraphs 1 through 77 of the complaint and allege that Mr. Singh, Mr. Chadha, Chadha Construction, Gurdev, and Ranjeet "are obligated to pay $1,940,000 to Plaintiffs based upon money had and received."  (Doc. 1, p. 20 ¶ 79).  This is insufficient to state a claim for relief.  Plaintiffs fail to allege that Mr. Chadha, Chadha Construction, Gurdev, or Ranjeet received money from plaintiffs or that any money Mr. Singh received was for the use of plaintiff.

Defendants' motion to dismiss plaintiffs' fourth claim for relief is GRANTED with leave to amend.

**F. Claim Five: Conversion of Funds**

Defendants argue that plaintiffs fail to state a claim for conversion because their claim is devoid of supporting allegations.  Specifically, defendants point out that plaintiffs fail to allege "what happened, when, whose money was converted, [and] how the damages [were] arrived at."  (Doc. 10-1, p. 9:22-24).

Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another."  *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (*quoting Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996)).  "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  *Id*.  "A specific and identified amount of money can form the basis of a conversion claim, but when the money is not identified and not specific, the action is to be considered as one upon contract or for debt and not for conversion."  *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1024 (N.D. Cal. 2008) (internal quotation marks omitted).

In plaintiffs' fifth claim for relief, they incorporate by reference each of the allegations set forth in paragraphs 1 through 79 of the complaint and allege that Mr. Singh, Mr. Chadha, Chadha

Construction, Gurdev, and Ranjeet "embezzled and converted funds of Plaintiffs and the companies co-owned by Plaintiffs, Watsonville Inc. and KS Chandi & Sons, in the amount of $2,593,000." (Doc. 1, p. 20 ¶ 81). This is insufficient to state a claim for relief. Plaintiffs fail to allege their ownership or right to possess the $2,593,000. Plaintiffs also fail to allege that Mr. Singh, Mr. Chadha, Chadha Construction, Gurdev, and Ranjeet wrongfully took possession of the $2,593,000. In addition, plaintiffs fail to allege how the $2,593,000 figure was calculated.

Defendants' motion to dismiss plaintiffs' fifth claim for relief is GRANTED with leave to amend.

**G. Claims Six through Nine: Fraud**

Defendants contend that plaintiffs' sixth, seventh, eighth, and ninth claims for relief for intentional fraud, negligent misrepresentation, concealment, and false promise should be dismissed because plaintiffs' allegations fail to satisfy FED. R. CIV. P. 9(b)'s heightened pleading requirements.

Claims alleging intentional fraud, negligent misrepresentation, concealment, and false promise all sound in fraud and thus, must be pled with particularity pursuant to FED. R. CIV. P. 9(b).[3] In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id*. (internal quotation marks omitted) (emphasis in original). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

**1. Fraud and Negligent Misrepresentation**

Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanent Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997). "The elements of negligent misrepresentation are (1) the

---

[3] It is well established that "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).

Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading requirements because their fraud and negligent misrepresentation claims simply list misrepresentations Mr. Singh allegedly made. *See* Doc. 1, ¶ 83-85, 87-90, 94-95. Plaintiffs fail to set forth what was false or misleading about Mr. Singh's statements and why they were false. *See Vess*, 317 F.3d at 1106 ("plaintiff must set forth what is false or misleading about a statement, and why it is false"). In addition, plaintiffs fail to allege that Mr. Singh had knowledge of the falsity of his statements or was without a reasonable ground for believing that his statements were true, that he intended to defraud plaintiffs or induce reliance, and that plaintiffs justifiably relied on his misrepresentations. *See Engalla*, 15 Cal. 4th at 974; *see also Apollo Capital Fund, LLC*, 158 Cal. App. 4th at 243.

**2. Concealment**

To state a claim for fraudulent concealment, a plaintiff must allege the following: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Mktg. West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (1992). Plaintiffs fail to state a claim for concealment because they fail to allege that Mr. Singh had a duty to disclose the allegedly concealed facts to plaintiffs.

**3. False Promise**

A claim for false promise requires that "the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991).

In plaintiffs' ninth claim for relief, they incorporate by reference each of the allegations set

forth in paragraphs 1 through 118 and allege that Mr. Singh made false promises to plaintiffs that were important to the transactions.  (Doc. 1, ¶ 121).  Plaintiffs further allege that if they would have known that Mr. Singh did not intend to perform the promises he made they never would have given him any money and that they were harmed financially.  (Doc. 1, ¶ 122-23).  Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading requirements because they fail to identify the false promises Mr. Singh made and the transactions they were important to.  In addition, they fail to allege that Mr. Singh did not intend to perform the promises at the time he made the promise and that the promise was intended to deceive or induce the promise.

Defendants' motion to dismiss plaintiffs' sixth through ninth claims for relief IS GRANTED with leave to amend.

**H. Claim Ten: Cal. Corp. Code § 25110**

**1. Defendants' Contention**

Defendants argue that plaintiffs fail to state a claim under Cal. Corp. Code § 25110 because they do not offer to tender their shares and they fail to allege that they were damaged by the sale of the shares.

Cal. Corp. Code § 25110 "provides that it is unlawful to sell unregistered securities in an issuer transaction except under specific circumstances.  [Cal. Corp. Code §] 25503 provides that any person who violates 25110 'shall be liable to any person acquiring from him the security sold in violation of such section,' establishing civil liability for the actual seller of the illegally sold security." *Moss v. Kroner*, 197 Cal. App. 4th 860, 871 (2011) (quoting Cal. Corp. Code § 25503).

Plaintiffs allege that Mr. Singh sold them 50% of the shares of Chandi & Sons and Chandi Brothers and that these shares were unregistered and not exempt.  They further allege that they are entitled to damages as a result of the sale.  Plaintiffs fail to state a claim under Cal. Corp. Code § 25110 because they fail to identify adequately the security transaction at issue.  In addition, plaintiffs' conclusory statement that the stock was "unregistered and/or not exempt" is insufficient because they fail to allege facts which indicate that the transaction was an issuer transaction, that the shares were unregistered at the time of the transaction, and that the stock was not exempt. *See Bowden v. Robinson*, 67 Cal. App. 3d 705, 718 (1977).

Defendants' motion to dismiss plaintiffs' tenth claim for relief is GRANTED with leave to amend.

**2. The Chandi's Contention**

The Chandi's contend that plaintiffs fail to state a claim under Cal. Corp. Code § 25110 because the transaction at issue is exempted from the provisions of § 25110.  In the alternative, the Chandi's argue that plaintiffs' fraud allegations do not satisfy the particularity requirements of FED. R. CIV. P. 9(b).

Under Cal. Corp. Code § 25102(h) a corporation's offer or sale of voting common stock is exempt from the provisions of § 25110 if immediately after the proposed sale and issuance, there will be only one outstanding class of stock that is owned beneficially by no more than 35 persons, provided that five statutory requirements are met.  The Chandi's argue that the transaction at issue is exempt because, based on the allegations in the complaint, there are no more than five shareholders or members.  The Chandi's fail to show that the transaction at issue is exempt because it is unclear as to whether the five requirements listed in § 25102(h) are met.

The Chandi's succeed with their alternative argument.  They contend that plaintiffs' fraud allegations do not satisfy the particularity requirements of Rule 9(b).  The only allegation against the Chandi's in plaintiffs' tenth claim is that they "were officers of Chandi Brothers and had direct or indirect control over and/or assisted Defendant Singh by aiding and abetting in selling the shares by means of fraud." (Doc. 1, ¶ 127).  Like the Chandi's, the Court finds it difficult to understand what plaintiffs are alleging.  Nonetheless, to the extent plaintiffs attempt to state a fraud claim, they fail to allege how each of the Chandi's aided and abetted Mr. Singh's allegedly fraudulent conduct.  These allegations must be specific.  *See Vess*, 317 F.3d at 1106 ("[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation marks omitted).  "[M]ere conclusory allegations of fraud are insufficient." *Moore,* 885 F.2d at 540.

The Chandi's motion to dismiss plaintiffs' tenth claim for relief is GRANTED with leave to amend.

**I. Claim Eleven: Failure to Issue Share Certificate**

Defendants and the Chandi's contend that plaintiffs fail to state a claim for failure to issue share

13

certificates because shareholders do not have the right to recover punitive damages for an entity's failure to issue a shareholder certificate.  Defendants and the Chandi's further argue that plaintiffs fail to allege that they sustained any damages as a result of the failure to issue the certificate.

Under California law, every shareholder is entitled to a certificate certifying the number of shares and the class or series of shares the shareholder owns.  Cal. Corp. Code § 416(a).  However, a share certificate is only evidence of ownership.  *Lowe v. Copeland*, 125 Cal. App. 315, 325 (1932) (per curiam).  Ownership may exist without the certificate.  *Id*.  Thus, "a demand is necessary to put a corporation in default for failure to deliver certificates of stock where the right thereto has not been denied."  *Id*.

Here, plaintiffs fail to state a claim for failure to issue share certificates because they fail to allege that they demanded issuance of the share certificates and that their demand was denied.  With regard to damages, plaintiffs allege that they are entitled to exemplary and punitive damages.  However, they fail to allege how they were injured and why they are entitled to damages rather than specific performance.

To the extent plaintiffs attempt to state a fraud claim against the Chandi's (Doc. 1, ¶ 132) they fail to allege how each of the Chandi's aided and abetted the allegedly fraudulent conduct.  These allegations must be specific.  *See Vess*, 317 F.3d at 1106; *see also Moore*, 885 F.2d at 540 ("mere conclusory allegations of fraud are insufficient").

Defendants' and the Chandi's motions to dismiss plaintiffs' eleventh claim for relief are GRANTED with leave to amend.

**J. Claim Twelve: California Securities Fraud**

**1. Defendants' Contention**

In plaintiffs' twelfth claim for relief, Mr. Dhaliwal and Mr. Gill, two individuals who are not parties to this action, allege violations of Cal. Corp. Code §§ 25401, 25504, and 25504.1 against all defendants.  Defendants argue that this claim should be dismissed because Mr. Dhaliwal and Mr. Gill are not parties to this lawsuit.  Defendants further contend that the claim should be dismissed because plaintiffs fail to allege what untrue statements or omissions were made.  In addition, defendants argue that the allegations pertain to Mr. Singh and the Chandi's only.  Thus, the remaining defendants should

be dismissed.

Under Cal. Corp. Code § 25401

> [i]t is unlawful for any person to offer or sell a security . . . by means of any
> written or oral communication which includes an untrue statement of material
> fact or omits to state a material fact necessary in order to make the statements
> made, in the light of the circumstances under which they were made, not
> misleading.

Thus, in order to state a claim under Cal. Corp. Code § 25401 plaintiff "must allege that there was a sale . . . of stock in California by fraudulent untrue statements or by omitting material facts that would by omission make the statements misleading." *MTC Elec. Tech. Co., Ltd. v. Leung*, 876 F. Supp. 1143, 1147 (C.D. Cal. 1995). Cal. Corp. Code § 25504 imposes joint and several liability for securities law violations on "every principal executive officer or director of a corporation." Cal. Corp Code § 25504.1 imposes joint and several liability on any "person who materially assists in any violation of Section . . . 25401 . . . with intent to deceive or defraud."

As a preliminary matter, this claim is dismissed because it is brought by two individuals that are not parties to this action. Moreover, even if these claims were alleged by plaintiffs, the allegations are insufficient to state a claim because the untrue statement or omission of material fact allegedly made in connection with the sale of the shares is not identified. In addition, the claim fails to allege how the defendants other than Mr. Singh and the Chandi's are jointly and severally liable for a violation of Cal. Corp. Code § 25401, *i.e.*, how they materially assisted in the violation with intent to deceive or defraud.

Defendants' motion to dismiss plaintiffs' twelfth claim for relief is GRANTED with leave to amend.

**2. The Chandi's Contention**

To the extent plaintiffs attempt to state a fraud claim against the Chandi's (Doc. 1, ¶ 139) they fail to allege how each of the Chandi's aided and abetted the allegedly fraudulent conduct. These allegations must be specific. *See Vess*, 317 F.3d at 1106. "[M]ere conclusory allegations of fraud are insufficient." *Moore*, 885 F.2d at 540.

The Chandi's motion to dismiss plaintiffs' twelfth claim for relief is GRANTED with leave to

amend.

**K. Claim Fifteen: Violations of Cal. Corp. Code §§ 2201, 2207**

Defendants and the Chandi's contend that plaintiffs do not have standing to pursue the medley of statutes referred to in their fifteenth claim for relief.  Specifically, defendants and the Chandi's argue that the majority of the California Corporation Code provisions referenced in the claim do not provide for a private right of action.  They further assert that the only provision cited that does provide a private right of action is likely barred by its one year statute of limitations.

In plaintiffs' fifteenth claim for relief they allege violations of Cal. Corp. Code §§ 2201 and 2207.[4]  Cal. Corp. Code § 2201 provides that "[a]ny officer of a corporation charged with the duty of entering a transfer of shares upon the books of the corporation and issuing a share certificate . . . who unreasonably neglects, fails or refuses to perform such duty after written request . . . is subject to a penalty . . ."

Plaintiffs fail to state a claim under § 2201 because they fail to allege that they submitted a written request to an officer of Chandi & Sons, Chandi Brothers, and Watsonville, Inc. charged with the duty of entering a transfer of shares upon the books of the corporation.  In addition, plaintiffs fail to allege the date of the transactions thus, it is unclear as to whether this claim is barred by the three year statute of limitations.  Cal. Code of Civ. Proc. § 359.

With regard to plaintiffs' § 2207 claim, this claim is dismissed because there is no private right of action under this statute.  *See* Cal. Corp. Code § 2207(g) (an action to enforce Cal. Corp. Code § 2207 "may only be brought by the Attorney General or a district attorney or city attorney in the name of the people of the State of California").

Defendants' and the Chandi's motions to dismiss plaintiffs' claim under Cal. Corp. Code § 2201 are GRANTED with leave to amend.  Defendants' and the Chandi's motions to dismiss plaintiffs' claim under Cal. Corp. Code § 2207 are GRANTED without leave to amend.

**L. Claim Sixteen: Conspiracy**

---

[4] Plaintiffs' claim also references Cal. Corp. Code §§ 2251, 2253, and 2254.  However, because the heading to the claim as well as the arguments in plaintiffs' opposition only reference Cal. Corp. Code §§ 2201 and 2207, the Court assumes plaintiffs proceed under §§ 2201 and 2207 only.  Should plaintiffs choose to amend this claim they shall remove all references to superfluous statutes.

1    Defendants and the Chandi's argue that plaintiffs' conspiracy claim must be dismissed because

2    civil conspiracy is not an independent tort.

3    Conspiracy is not an independent cause of action but "a legal doctrine that imposes liability on

4    persons who, although not actually committing a tort themselves, share with the immediate tortfeasors

5    a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.

6    4th 503, 510-11 (1994).  "Standing alone, a conspiracy does no harm and engenders no tort liability.  It

7    must be activated by the commission of an actual tort." *Id.* at 511.  Thus, to properly state a claim for

8    imposing liability based on a conspiracy, plaintiff must not only properly state a claim for the

9    underlying tort but must also satisfy the elements for establishing a conspiracy.  To establish a civil

10   conspiracy, a plaintiff must show: (1) the formation and operation of a conspiracy; (2) wrongful

11   conduct in furtherance of a conspiracy; and (3) damages arising from the wrongful conduct.  *Kidron v.*

12   *Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).

13   Plaintiffs attempt to allege a stand-alone conspiracy claim against the Chandi's, Mr. Chadha,

14   Chadha Construction, Gurdev, Ranjeet, AASRA, JPH, Prabhjot, and Ms. Kaur for their alleged

15   involvement in the underlying torts of fraud, concealment, intentional and negligent misrepresentation,

16   conversion, violations of California securities laws, and embezzlement.  Plaintiffs attempt to plead

17   conspiracy as an independent cause of action fails because conspiracy is not an independent cause of

18   action.  *Applied Equip. Corp.*, 7 Cal. 4th at 510-11.  To the extent plaintiffs attempt to allege

19   conspiracy liability based on the above torts, their attempt fails because plaintiffs fail to state claims

20   for the listed torts or fail to allege the listed torts.  *Id.* at 511 (civil conspiracy "must be activated by the

21   commission of an actual tort").

22   Defendants' and the Chandi's motions to dismiss plaintiffs' sixteenth claim for relief are

23   GRANTED without leave to amend.

24   **M. Claim Seventeen: RICO Claim**

25   Defendants and the Chandi's contend that plaintiffs' RICO claim must be dismissed because

26   plaintiffs fail to identify an enterprise and fail to allege that each defendant was involved in directing

27   the affairs of the enterprise.

28   18 U.S.C. § 1962(c) provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a claim under this statute, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007) (en banc) (quoting 18 U.S.C. § 1961(4)) (internal quotation marks omitted).  "[A]n associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise." *Odom*, 486 F.3d at 551.  Rather it is "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)) (internal quotation marks omitted).  "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Id.*

Plaintiffs attempt to state a RICO claim against Mr. Singh, the Chandra's, Gurdev, Ranjeet, Mr. Chadha, and Prahbjot.  They allege that these individuals erected a criminal enterprise for the illicit purpose of stealing money from plaintiffs and the plaintiffs' companies' accounts, embezzling money to build the Ripon AM PM, encumbered plaintiffs' companies' assets without plaintiffs' consent or knowledge, and concealed plaintiffs' ownership in two of the stations from the bank.  (Doc. 1, ¶ 181).  Plaintiffs' allegations are insufficient because they fail to allege the existence of an ongoing organization, *see Odom*, 486 F.3d at 552 ("[a]n ongoing organization is a vehicle for the commission of two or more predicate crimes") (internal quotation marks omitted), or that the various associates function as a continuing unit, *see id.* at 553 ("the continuity requirement focuses on whether the associates' behavior was 'ongoing' rather than isolated activity").

Defendants' and the Chandi's motions to dismiss plaintiffs' seventeenth claim for relief are GRANTED with leave to amend.

1    **II. Motions to Strike**

2    **A. Legal Standard**

3         FED. R. CIV. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any

4    redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "Redundant

5    allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the

6    action." *California Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033

7    (C.D. Cal. 2002) (internal quotation marks and citations omitted).  Immaterial matter is "that which has

8    no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy,*

9    *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted),

10   *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).   Impertinent matter

11   "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

12   Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a

13   party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D.

14   Nev. 2003) (internal quotation marks and citations omitted).

15        The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must

16   arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

17   *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  "Motions to strike are generally regarded with

18   disfavor because of the limited importance of pleading in federal practice, and because they are often

19   used as a delaying tactic. *California Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033; *see*

20   *also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are

21   generally disfavored and "should not be granted unless it is clear that the matter to be stricken could

22   have no possible bearing on the subject matter of the litigation.").  "Given their disfavored status,

23   courts often require a showing of prejudice by the moving party before granting the requested relief."

24   *California Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033 (internal quotation marks and

25   citations omitted).  "The possibility that issues will be unnecessarily complicated or that superfluous

26   pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice

27   that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty, supra,* 984 F.2d at

28   1528).

**B. Analysis**

Defendants and the Chandi's seek to strike various portions of plaintiffs' complaint.  The portions of the complaint they seek to strike can be divided into two groups: (1) quoted statutes and (2) alleged wrongs.

**1. Quoted Statutes**

Defendants and the Chandi's seek to strike the following quoted statutes from the complaint as redundant, immaterial, impertinent, and/or scandalous:

a) Page 6, line 22 through page 7 line 22, which recites portions of Cal. Penal Code §§ 470(b) and (d) and 472 (forgery and counterfeiting);

b) Page 8, lines 8 through 21, which recites Rule 10(b)(5) of the Securities and Exchange Act of 1934 (securities fraud);

c) Page 10, line 1 through 12, which recites Cal. Penal Code §§ 503, 504 (embezzlement);

d) Page 11, lines 12 through 19, which recites Cal. Penal Code §§ 518, 522 (extortion); and

e) Page 12, line 13 through page 15 line 1, which recites 18 U.S.C. § 1961 (RICO).

The Court agrees that the above passages are immaterial and impertinent.  *See Fantasy, Inc.*, 984 F.2d at 1527 (immaterial matter is that which has no important relationship to the claim for relief while impertinent matter consists of statements that do not pertain to the issues in question).  There is no reason for the complaint to recite criminal and securities fraud statutes that are not at issue in this case.  In addition, although plaintiffs allege a RICO violation, there is no need for a verbatim recitation of 18 U.S.C. § 1961.

Defendants' and the Chandi's motions to strike the above passages from plaintiffs' complaint are GRANTED.

**2. Alleged Wrongs**

Defendants and the Chandi's seek to strike the following alleged wrongs from the complaint as immaterial, impertinent, and/or scandalous:

a) Page 7, line 24 through page 8 line 7, which alleges that Mr. Singh forged the Articles of Incorporation for Chandi & Sons;

20

b) Page 8, line 22 through page 9 line 27, which alleges that Mr. Singh committed mail and bank fraud;

c) Page 10, line 13 through page 11 line 10, which alleges that Mr. Singh converted or misappropriated funds which belonged to Chandi & Sons and Watsonville, Inc.;

d) Page 11, line 21 through page 12 line 12, which alleges that Mr. Singh offered to bribe Harpreet Dhaliwal if he could convince plaintiffs' attorney, Amanda Bui, to drop plaintiffs' state court action against Mr. Singh, Chandi & Sons, and Chandi Brothers.

The importance of the above passages to plaintiffs' claims for relief is not readily apparent. Nonetheless, given that plaintiffs will have one opportunity to amend their complaint, the Court declines to strike these passages.  Plaintiffs are admonished that should they include these passages in an amended complaint the passages must be essential and necessary to their claims for relief, *see Fantasy, Inc.*, 984 F.2d at 1527, and must not improperly cast a derogatory light on defendants or the Chandi's, *see Germaine Music*, 275 F. Supp. 2d at 1300.

Defendants' and the Chandi's motions to strike the above passages from plaintiffs' complaint are DENIED.

## CONCLUSION AND ORDER

The complaint as currently pled is unacceptable and fails to satisfy rudimentary pleading standards.  Plaintiffs are given one, and only one, opportunity to amend their complaint.  This Court is too busy to research the law and rewrite complaints more than once.  The next pleading, if any, will be viewed as plaintiffs' best efforts and no further amendments will be allowed absent extraordinary cause.  For the reasons discussed above, this Court:

1. GRANTS with leave to amend defendants' motion to dismiss plaintiffs' breach of contract claim (claim one) against Mr. Chadha and Chadha Construction;

2. DENIES defendants' motion to dismiss plaintiffs' breach of implied covenant of good faith and fair dealing claim (claim two) against Mr. Singh;

3. GRANTS with leave to amend defendants' motion to dismiss plaintiffs' breach of implied covenant of good faith and fair dealing claim (claim two) against Mr. Chadha and Chadha Construction;

21

4. GRANTS with leave to amend the Chandi's motion to dismiss plaintiffs' breach of fiduciary duty claim (claim three) against the Chandi's;

5. GRANTS with leave to amend defendants' motion to dismiss plaintiffs' money had and received claim (claim four);

6. GRANTS with leave to amend defendants' motion to dismiss plaintiffs' conversion claim (claim five);

7. GRANTS with leave to amend defendants' motion to dismiss plaintiffs' fraud claims (claims six through nine);

8. GRANTS with leave to amend defendants' and the Chandi's motions to dismiss plaintiffs' Cal. Corp. Code § 25110 claim (claim ten);

9. GRANTS with leave to amend defendants' and the Chandi's motions to dismiss plaintiffs' failure to issue share certificates claim (claim eleven);

10. GRANTS with leave to amend defendants' and the Chandi's motions to dismiss plaintiffs' California Securities Fraud claim (claim twelve);

11. GRANTS with leave to amend defendants' and the Chandi's motions to dismiss plaintiffs' Cal. Corp. Code § 2201 claim and GRANTS without leave to amend defendants' and the Chandi's motions to dismiss plaintiffs' Cal. Corp. Code § 2207 claim (claim fifteen);

12. GRANTS without leave to amend defendants' and the Chandi's motion to dismiss plaintiffs' conspiracy claim (claim sixteen);

13. GRANTS with leave to amend defendants' and the Chandi's motion to dismiss plaintiffs' RICO claim (claim seventeen);

14. STRIKES from the complaint:

    a) Page 6, line 22 through page 7 line 22, which recites portions of Cal. Penal Code §§ 470(b) and (d) and 472 (forgery and counterfeiting);

    b) Page 8, lines 8 through 21, which recites Rule 10(b)(5) of the Securities and Exchange Act of 1934 (securities fraud);

    c) Page 10, line 1 through 12, which recites Cal. Penal Code §§ 503, 504 (embezzlement);

    d) Page 11, lines 12 through 19, which recites Cal. Penal Code §§ 518, 522 (extortion);

and

    e)  Page 12, line 13 through page 15 line 1, which recites 18 U.S.C. § 1961 (RICO);

15. ORDERS plaintiffs no later than July15, 2013, to file and serve either: (a) papers to dismiss this action or (b) an amended complaint.  Without this Court's order, plaintiffs are prohibited from alleging claims dismissed without leave to amend and from adding claims that are not alleged in the complaint.  Plaintiffs need to recognize that this Court is beyond busy.  If plaintiffs elect to amend their claims they are admonished to pursue only claims based on sufficient facts and law.  Plaintiffs' counsel is further admonished that he is subject to liability under 28 U.S.C. § 1927, FED. R. CIV. P. 11, and other authorities.

16. ORDERS defendants and the Chandi's, no later than August 7, 2013, to file and serve a response to plaintiffs' amended complaint, if filed.

IT IS SO ORDERED.

Dated:   **June 20, 2013**          **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE