# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOAN, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>NIRMAL SINGH, et. al.,<br><br>    Defendants. | Case No. 1:13-cv-00531-LJO-SMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OR CLARIFICATION** |

On July 15, 2013, Plaintiffs Kevin and Pauline Doan ("Plaintiffs") filed a First Amended Complaint (FAC). Doc. 20. The FAC contained a single federal claim and a variety of state-law claims. On August 29, the Court dismissed the federal claim for failure to state a claim, then dismissed the remaining state-law claims for lack of federal jurisdiction. Doc. 34. On September 24, 2013, Plaintiffs moved for reconsideration or clarification of the Court's order. Doc. 37.

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). Here, Plaintiffs point to an apparent inconsistency in the Court's August 29, 2013 order. In one paragraph, the Court indicated that it was not passing on the merits of the state law claims and was dismissing these for lack of jurisdiction:

> This Order will focus only on one sufficient cause for dismissal, the FAC's failure to allege grounds for federal subject matter jurisdiction. ... Because the Court must dismiss the RICO claim, it must dismiss the complaint for lack of jurisdiction.

In a later paragraph, however, the Court implied that its order did adjudicate these state-law claims:

1

> The Court GRANTS the motions to dismiss the FAC with prejudice. This Court DIRECTS the clerk to enter judgment in favor of Defendants and against Plaintiffs and to close this action.

In light of this apparent contradiction, Plaintiffs ask the Court "to verify its ruling that the court dismissed the RICO claim and the case is now dismissed for lack of jurisdiction and remanded to state court regarding the state court claims."

The Court grants Plaintiffs' motion in part. Specifically, the Court clarifies that, although the order did "dismiss the FAC with prejudice," the Court intended only to dismiss the RICO claim with prejudice. All state-law claims were dismissed for lack of jurisdiction and *without* prejudice. *See Les Shockley Racing v. National Hod Rod Ass'n,* 884 F.2d 504, 509 (9th Cir.1989) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-51 (1988) (having eliminated federal-law claim, District Court "could relinquish jurisdiction over the case only by dismissing it without prejudice" or, if removed from state court, by remanding it).

Plaintiffs also ask the Court to remand the case to state court. However, the Court cannot do so, because Plaintiffs filed it in federal court. *See, e.g., Bok Sil Rah v. Aurora Loan Servs., LLC*, 2013 WL 140248 (C.D. Cal. Jan. 10, 2013).

## CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The first claim in the FAC (alleging violations of RICO) is dismissed with prejudice.

2. All remaining claims are dismissed without prejudice to being refiled in state court.

3. The action is dismissed.

4. The Clerk of Court shall file a revised judgment consistent with this order.

IT IS SO ORDERED.

Dated:   **September 26, 2013**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28