**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KEVIN DOAN AND PAULINE DOAN,** | 1:13-CV-531-LJO-SMS |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS (Doc. 51)** |
| **v.** | |
| **NIRMAL SINGH, et al.,** | |
| **Defendants.** | |

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs Kevin and Pauline Doan ("Plaintiffs") filed this suit on April 13, 2013. Doc. 1. Plaintiffs alleged, among other things, that Defendants, various individuals and corporations, defrauded them of millions of dollars. *See* First Amended Complaint ("FAC"), Doc. 20, at ¶ 40. On September 26, 2013, the Court dismissed the FAC in its entirety. *See* Docs. 39, 40. The Court dismissed with prejudice Plaintiffs' Racketeering Influenced and Corrupt Organizations ("RICO") Act claim for failure to state a claim and dismissed without prejudice all of Plaintiffs' remaining state law claims for lack of jurisdiction. *See* Doc. 39 at 2-3. The Court denied Plaintiffs' motion for reconsideration of the dismissal. Doc. 39, 40. Plaintiffs' appeal of the dismissal to the Ninth Circuit Court of Appeals is still pending. *See* Doc. 46.

On June 18, 2014, Defendants filed a motion to expunge lis pendens. Doc. 51. Defendants assert that "[o]n July 19, 2013, [Plaintiffs] recorded a Notice of Pendency of Action with the Stanislaus County Recorder's Office . . . ("the Lis Pendens,)" Doc. 51-1 at 2, which "has not been withdrawn despite Defendants' demands." *Id.* at 1.

---

[1] The Court will discuss only the facts necessary to resolve Defendants' pending motion to expunge lis pendens.

Defendants assert that "the Lis Pendens must be expunged because the pleading on which the notice is based[—the FAC—]does not contain a real property claim." *Id.* at 3; *see also* Doc. 51-2 at 7-8 (copy of Defendants' "Notice of Pendency of Action"). Defendants argue that where, as here, "the pleading filed by the claimant does not properly plead a real property claim, the lis pendens must be expunged upon motion under [California Code of Civil Procedure §] 405.31." *Id.* (citing *Kireby v. Superior Court of Orange Cnty.*, 33 Cal.4th 642, 647 (2004)). Defendants request an award of $2,275.00 in attorneys' fees (6.5 hours at $350.00 per hour) for bringing the motion on the ground Plaintiffs did not act with substantial justification when they filed the lis pendens. Doc. 51-1 at 4; Doc. 51-2 at 2.

Plaintiffs oppose the motion on two grounds. Doc. 51 at 2-3. First, Plaintiffs assert that Defendant Singh may not move to expunge the lis pendens because he does not represent the interests of Defendants and counsel of record for Defendants are not, in fact, counsel for Defendants. *Id.* at 3. Plaintiffs therefore claim that "[u]ntil it is decided as to the owners of both companies/Defendants herein, STATUS QUO must be maintained to protect the interests of all parties." *Id.*[2] Second, Plaintiffs assert Defendants' motion to expunge must be denied because Plaintiffs' pleading on which the lis pendens was based—the FAC—contains a real property claim. *Id.*

The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons discussed below, the Court GRANTS Defendants' motion to expunge lis pendens and AWARDS Defendants attorney's fees and costs associated with bringing the motion.

## II. DISCUSSION

### A.   Motion to Expunge Lis Pendens.

As a threshold matter, Defendants correctly assert, and Plaintiffs do not dispute, that under California Code of Civil Procedure § 405.30 "[a] motion to expunge [a lis pendens] may be filed 'at any time' after the lis pendens is recorded." Doc. 51-1 at 3 (quoting Cal. Code Civ. Proc. § 405.30). Thus, a

---

[2] Because Plaintiff has provided no credible support for this argument, the Court need not address it.

2

1  motion to expunge "may be made in the trial court even while an appeal is pending." *Id.* (citing *Peery v.*

2  *Superior Court (Beneficial Standard Props.)*, 29 Cal.3d 837, 842 (1981)). Accordingly, the Court may

3  rule on Defendants' motion to expunge even though Plaintiffs' appeal of this Court's order dismissing

4  the entire FAC is still pending. *See Morgan v. Aurora Loan Servs., LLC*, 2:12-CV-04350-CAS, 2014

5  WL 772763, at *1 (C.D. Cal. Feb. 20, 2014) (citing *Mix v. Superior Court*, 124 Cal. App. 4th 987, 997

6  n. 8 (2004) ( "it would completely circumvent the Legislature's intent in enacting section 405.32, [if]

7  merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place")).

8      Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real

9  property claim may record a notice of pendency of action, [a lis pendens], in which that real property

10  claim is alleged." The party opposing the motion to expunge bears the burden of proving by a

11  preponderance of the evidence that the pleading on which the notice of lis pendens is based contains a

12  valid real property claim. *See* Cal. Code Civ. Proc. §§ 405.30, 405.31, 405.32. Accordingly, "[a] court

13  should expunge a lis pendens if it determines that 'the pleading on which the notice is based does not

14  contain a real property claim,' or if a real property claim 'as pled lacks evidentiary merit.'" *Rey v.*

15  *OneWest Bank, FSB*, No. 2:12-CV-2078-MCE-GGH, 2013 WL 1791910, at *5 (E.D. Cal. Apr. 26,

16  2013) (quoting *Park 1000 Inv. Group II v. Ryan*, 180 Cal. App. 4th 795, 808 (2009)).

17      The Court must therefore determine whether "it is more likely than not that the claimant will

18  obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3; *Maxwell v.*

19  *Deutsche Bank Nat'l Trust Co.*, No. 13-CV-3957-WHO (WHO), 2013 WL 6072109, at *1 (N.D. Cal.

20  Nov. 18, 2013). "[O]n a motion to expunge a lis pendens after judgment against the claimant and while

21  an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the

22  appellate court will reverse the judgment." *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th

23  1003, 1015 (2007).

24      As noted, the Court dismissed Plaintiffs' complaint in its entirety. Plaintiffs' sole federal law

25  cause of action failed to state a claim for relief and the Court does not have jurisdiction over the

26  remainder of Plaintiffs' claims. Accordingly, the pleading on which the lis pendens was based—the

3

1   FAC—cannot provide a valid real property claim to support the lis pendens. *See* Cal. Code Civ. Proc. §§

2   405.31, 405.32; *Quinto v. JPMorgan Chase Bank*, No. 5:11-CV-2920-LHK, 2012 WL 2792445, at *2

3   (N.D. Cal. July 9, 2012) ("As a result of the Court's outright dismissal of Plaintiff's claims, Plaintiff is

4   left without a real property claim and cannot establish the probable validity of such a claim in this

5   case.") (citing *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM-EFB, 2011 WL

6   6097721, at *2 (E.D. Cal. Nov. 29, 2011) (dismissal of plaintiff's claim for lack of jurisdiction left

7   plaintiff without a real property claim and therefore expungement of lis pendens was warranted));

8   *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-CV-3957-WHO (WHO), 2013 WL 6072109, at *2

9   (N.D. Cal. Nov. 18, 2013) (expungement of lis pendens warranted because "the Court determined that it

10  was not 'more likely than not'" that the plaintiffs would succeed on their claim that supported the lis

11  pendens when the Court dismissed the claim).

12          Even assuming that the FAC had a real property claim that could have supported a lis pendens

13  and that the FAC was not dismissed, Plaintiffs have put forth no argument or evidence demonstrating by

14  a preponderance of the evidence that any such claim would have been valid. *See* Cal. Code Civ. Proc. §

15  405.32. Plaintiffs simply allege that the lis pendens is valid because they sufficiently pled a real property

16  claim in the FAC. However, even assuming that were true, Plaintiffs' allegations alone are insufficient

17  to establish "the probable validity" of any real property claim. *Id.* Plaintiffs provide no argument or

18  evidence to support the FAC's allegations. Without more, Plaintiffs cannot meet their burden of

19  providing preponderant proof that the FAC contained a valid real property claim on which they were

20  likely to succeed. *See Amalgamated*, 149 Cal. App. 4th at 1011 (a party opposing a motion to expunge

21  must "make a showing that he is *likely to prevail on the merits*, in much the same fashion as one seeking

22  an attachment must show the probable merit of the underlying lawsuit") (emphasis in original).

23  Likewise, Plaintiffs necessarily have failed to meet their burden of demonstrating that the Ninth Circuit

24  would reverse this Court's decision to dismiss the FAC because they did not address that issue in

25  opposing Defendants' motion to expunge. *See id.* at 1015; *see* Doc. 54 at 2-4. Accordingly, the Court

26  GRANTS Defendants' motion to expunge the lis pendens.

**B.**      **Attorney's Fees.**

Because the Court grants Defendants' motion to expunge, the Court must award Defendants reasonable attorney's fees and costs associated with bringing the motion unless Plaintiffs "acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38. Plaintiffs bear the burden of proving they acted with substantial justification. *See Am. Nat'l Red Cross v. United Way Calif. Capital Region*, No. CIV S-07-1236 WBS DAD, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). "California cases have defined a 'substantially justified' position to mean one which is justified to a degree that would satisfy a reasonable person." *Wertin v. Franchise Tax Bd.*, 68 Cal.App.4th 961, 977 (1998)

Defendants argue that Plaintiffs did not act with substantial justification in filing the lis pendens because Defendants demanded that Plaintiffs withdraw it more than eight months prior to filing their motion to expunge. Doc. 51-1 at 4. Plaintiffs assert that they acted with substantial justification when filing the lis pendens because it was an attempt to preserve Plaintiffs' right to disputed real estate pending adjudication of the parties' rights as to that property and other assets. Doc. 54 at 5. Plaintiffs argue that the "purpose of a lis pendens is to preserve the right to . . . real estate until the dispute is resolved." *Id.*

The Court dismissed Plaintiffs' entire complaint almost one year ago. On September 24, 2013, Defendants' counsel requested that Plaintiffs withdraw the lis pendens, yet they never did so. Plaintiffs may have acted with substantial justification when they filed the lis pendens, but Plaintiffs had no valid claim on which to base the lis pendens after the Court dismissed the entire FAC. *See Cornell*, 2011 WL 6097721, at *2; *Quinto*, 2012 WL 2792445, at *2. Plaintiffs have provided no substantial justification for their failure to voluntarily dismiss the lis pendens thereafter, and the Court cannot find circumstances that would make the imposition of attorney's fees unjust. Cal. Code Civ. Proc. § 405.38.

Accordingly, the Court finds that Defendants are entitled to an award of reasonable attorney's fees associated with bringing their motion to expunge the lis pendens. *See Quinto*, 2012 WL 2792445, at *2 (awarding attorney's fees because of the plaintiff's failure to voluntarily dismiss a lis pendens after

underlying lawsuit was dismissed with prejudice seven months prior). Counsel for Defendants expended

$2,275.00 in bringing this motion. The Court finds this to be a reasonable amount and awards

Defendants $2,275.00 in attorney's fees and costs.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to expunge lis pendens (Doc.

51) and AWARDS Defendants $2,275.00 in attorney's fees and costs. The August 13, 2014 hearing is

VACATED.


IT IS SO ORDERED.

Dated:   **August 6, 2014**              **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE